IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
HELENA DIVISION

EARNEST SIMES, ET AL.                                                        PLAINTIFF

VS.                                    CASE  NO. 2:00CV00174 JMM

MIKE HUCKABEE, ET AL.                                                  DEFENDANTS

ORDER

Pending before the Court is the separate State Defendants Mike Huckabee, Richard

Weiss, and Gus Wingfield's ("State Defendants") Second Motion for Summary Judgment filed in

their official capacities.    Plaintiffs have failed to respond to the motion and failed to respond to the

Court's January 5, 2006 Order to Show Cause why they have not responded.    For the reasons stated

below, the Motion is granted.

Plaintiffs, who are African-Americans, brought their complaint contending that the State

Defendants violated their rights under (1) the First and Fourteenth Amendments in violation of

42 U.S.C. § 1983; (2) 42 U.S.C. § 1981; (3) the 1964 Civil Rights Act; and (4) the 1965 Voting

Rights Act

By Orders of December 16, 2004, and April 6, July 11, and October 4, 2005 the Court

dismissed all claims except the  § 1983 official capacity claim against the state defendants for

declaratory relief as to the facial constitutionality of Amendment 7 of the Arkansas Constitution of

1974 ("Amendment 7") and Act 1357 of 1999, codified at Ark. Code Ann.  § 26-74-207 ("Act

1357").

I.  *Facts*

[T]his case arises out of community and political discord attributed to the
operation of the Helena-West Helena-Phillips County Port Authority and a project known
as Slack Water Harbor." *Dean v. Williams*, 339 Ark. 439, 6 S.W.3d 89, 91 (1999).
Phillips County voters had previously passed a one percent sales tax to aid the industrial
development of the harbor. This tax expired around January 2000. Before its expiration,

1

the Arkansas legislature passed Act 1357 of 1999, codified at Ark. Code Ann. §
26-74-207, mandating when a county QC is presented with a petition from voters seeking
a sales tax that fulfills certain requirements, the QC "shall submit the question of the
levying of the tax to the electors." Ark. Code Ann. § 26- 74-207(b) (emphasis added).

On August 23, 1999, two members of the Port Authority filed initiative petitions
with the Phillips county clerk as required by Act 1357. According to the Act, the QC
should have then submitted the question of a sales tax to the electors of the county,
setting an election date within 120 days of the filing of the petitions. *Id.*

On September 14, 1999, the QC was presented with an ordinance which would
have referred the sales tax initiative to the voters. However, despite the mandatory
language of the Act, six members of the eleven-member QC voted against the ordinance.
Five of those six are now the appellants in this case and were defendants in the earlier
state contempt proceedings. As appellant QC members emphasize repeatedly in their
briefs, the QC split along racial lines, with the African-American members constituting
the majority and voting against the initiative. On October 14, 1999, two Port Authority
members and a Phillips County taxpayer/elector filed suit in the Phillips County Circuit
Court against the eleven members of the QC in their official capacity, seeking a writ of
mandamus forcing the majority to vote to call an election. The circuit court held a hearing
On November 12, 1999, at which it granted the requested relief and ordered the county
legislators to hold a hearing by November 15, 1999, in which they were to enact the
proposed ordinance.

Appellant QC members abruptly left at the beginning of the November 12 hearing
after the circuit court disqualified their lawyer. The court held the hearing in spite of their
protest. The QC members appealed the November 12 order to the Arkansas Supreme
Court, and the appeal was eventually consolidated with a later petition for stay and writ of
certiorari.

When November 15 passed with no vote on the ordinance, the circuit court set a
hearing for November 18, 1999, in which appellant members of the QC were to show
cause why they should not be held in contempt for failing to comply with the November
12 order.   All five recalcitrant members appeared, but to the consternation of the circuit
court judge, there were again issues of representation. QC members were initially
accompanied by Alvin Simes, who had a contract to represent the QC as an entity, and
John Walker, a lawyer from Little Rock who was contacted the morning of the hearing to
represent the members individually. Simes refused to represent them individually, citing a
conflict of interest. Walker asked for a continuance in order to confer with his clients, and
when the judge refused to grant it, Walker likewise refused to represent the QC members.
Appellants, without counsel at that juncture, each took the stand, invoking the Fifth
Amendment. As a result of this hearing, the circuit court gave the five legislators a final
chance to enact the ordinance, setting a deadline of 1:00 P.M., November 19, 1999, and
also ordering if they did not do so they would be incarcerated until they complied. The
appellants again refused to vote for the ordinance and were jailed. They remained in jail
for four days and three nights.

*Simes v. Huckabee*, 354 F.3d 823, 824-25 (8th Cir.  2004).

Amendment 7 states in pertinent part:

Initiative and Referendum. The legislative power of the people of this State shall be vested in a General Assembly, which shall consist of the Senate and House of Representatives, but the people reserve to themselves the power to propose legislative measures, laws and amendments to the Constitution, and to enact or reject the same at the polls independent of the General Assembly; and also reserve the power, at their own option to approve or reject at the polls.

Ark. Const. Amend. 7.

Act 1357, as codified at Ark. Code Ann. § 26-74-207, currently provides:

(a) (1) The county quorum courts may call an election for the levy of a county-wide sales and use tax in the amount of one-eighth of one percent (0.125%), one-fourth of one percent (0.25%), one-half of one percent (0.50%), three-fourths of one percent (0.75%), or one percent (1%), or any combination of the amounts.

(2) The election shall be held within one hundred twenty (120) days of the ordinance calling the election.

(3) Each tax shall be adopted by ordinance and with approval of the voters of the county in accordance with this subchapter.

(b) (1) If petitions are filed requesting an election on the question of the levy of the tax authorized under this subchapter, the quorum court shall submit the question of the levying of the tax to the electors.

(2) The petitions must be signed by a number of the legal voters in the county that shall be no less than fifteen percent (15%) of the number of votes cast for the office of circuit clerk at the last preceding general election.

(3) The election shall be held within one hundred twenty (120) days of the filing of the petitions.

(c) The quorum courts shall notify their respective county boards of election commissioners that the measure has been referred to the vote of the people and shall submit a copy of the ballot title to their respective boards.

Ark. Code Ann. § 26-74-207

II. *Discussion*

Summary judgment is appropriate when there is no genuine issue of material fact and the

3

dispute may be decided solely on legal grounds.  *Iowa Coal Min. Co. v. Monroe County*, 257 F.3d 846, 852 (8th Cir.2001);  Fed. R. Civ. P. 56.   The initial inquiry is whether there are genuine factual issues that can be properly resolved only by a finder of fact because they may reasonably be resolved in favor of either party.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).   The burden is on the moving party to show that the record does not disclose a genuine dispute on a material fact.  *RSBI Aerospace, Inc. v. Affiliated FM Ins. Co.,* 49 F.3d 399 (8th Cir.1995).

Plaintiffs contend that Act 1357's mandate directing them to take certain actions regarding elections and Amendment 7 which grants the people of the State of Arkansas the power to propose laws and amend Arkansas' Constitution somehow violates their First and Fourteenth Amendment rights.

The Court disagrees.   Act 1357 only requires a quorum court to perform ministerial duties which in no way limits plaintiffs' First or Fourteenth Amendment rights.  Likewise,  Amendment 7 is simply a ballot referendum system which gives certain rights to all the people of Arkansas and does not in any manner abridge plaintiffs' rights.  *See United States v. Salerno*, 481 U.S. 739 (1987) (challenger must establish that no set of circumstances exists under which a legislative Act would be valid).

III.  *Conclusion*

Defendants' Second Motion for Summary Judgment is granted (#99).  Judgment will be entered accordingly.

IT IS SO ORDERED THIS 19   day of January, 2006.

James M. Moody
United States District Judge